UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

KEVIN W. DUBE,

Debtor.

Chapter 13
Case No. 16-20680

**AMENDED ORDER DENYING TRUSTEE'S MOTION FOR INSTRUCTIONS**

This matter came before the Court on the Trustee's Motion for Instructions (Docket Entry ("D.E.") 60) (the "Motion") filed by Peter Fessenden in his capacity as the Standing Chapter 13 Trustee (the "Trustee") seeking an order instructing him where to direct post-dismissal plan funds in light of a levy served on him by the State of Maine Revenue Services ("MRS"). Upon consideration of the Motion, the Response of the State Tax Assessor to the Trustee's Motion for Instructions (D.E. 62) and arguments presented at an August 8, 2017 hearing, and this Court having found for the reasons stated below that it does not have jurisdiction to direct where post-dismissal plan funds are directed, the Motion is hereby DENIED.

This Court has been given jurisdiction to determine cases under title 11 as well as cases arising under, arising in or related to a case under title 11. *See* 28 U.S.C. § 1334. While this Court's jurisdiction over cases under title 11 and property of the estate is exclusive, its jurisdiction over matters arising under, arising in or related to a case flows, necessarily, from the underlying case under title 11. The dismissal of the underlying case terminates this Court's jurisdiction except to the extent to which such jurisdiction is explicitly retained. At the time of dismissal, property of the estate revests in the debtor, the estate ceases to exist and the automatic stay terminates. In re de Jesus Saez, 721 F.2d 848 (1st Cir. 1983).

The Trustee argues that 11 U.S.C. § 1326(a)(2) gives the Court jurisdiction to order relief necessary to enable a trustee to fulfill his duties in winding up a case.[1] The Court agrees with MRS, however, that the only statute capable of conferring jurisdiction is 28 U.S.C. § 1334. As the Court's jurisdiction under that provision ends—absent an express retention of jurisdiction—with the dismissal of the case, 11 U.S.C. § 1326(a)(2) is nothing more than a directive to the Trustee designed to provide him with guidance in his ministerial duties.

Debtor's counsel urged this Court to rely on footnote 8 in White v. Fessenden (In re Wheaton), 547 B.R. 490 (1st Cir. BAP 2016) which queried, in passing, whether a court must expressly retain jurisdiction to award fees post-dismissal. However, this Court agrees with MRS that Wheaton does not decide the issue since, in that case, the BAP found an express retention of jurisdiction.

The dismissal order in this case did not either expressly or impliedly retain jurisdiction to decide any matters and, therefore, this Court was divested of its jurisdiction upon entry of the dismissal order. Accordingly, the Motion must be denied.

Dated:  August 28, 2017                    /s/ Peter G. Cary
                                           Judge Peter G. Cary
                                           United States Bankruptcy Court

---

[1] This Court is not entirely convinced that 11 U.S.C. § 1326(a)(2) is applicable in the context of a dismissal but that issue need not be dealt with in this order as it bears no weight on the outcome.